IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| FIREMAN'S FUND INSURANCE COMPANY<br><br>Plaintiff<br><br>v.<br><br>KEYANBA TAYLOR, individually and as surviving parent of TARVIS TAYLOR, and KEYANBA TAYLOR, as administrator of the estate of TARVIS TAYLOR, deceased; PARADISE HOUSING PARTNERS, LP; PARADISE HOUSING MANAGEMENT, LLC; ARCO MANAGEMENT CORPORATION; VITUS DEVELOPMENT IV, LLC, and BLUE LINE PROTECTION MANAGEMENT AND CONSULTING, LLC<br><br>Defendants. | ) | CIVIL ACTION FILE NO.:<br>1:21-CV-00085-AT |

**DEFENDANT KEYANBA TAYLOR'S NOTICE OF JOINDER IN CO-DEFENDANTS' MOTION TO DISMISS**

COMES NOW Defendant Keyanba Taylor and joins Defendants Paradise Housing Partners, LP, Paradise Housing Management, LLC, Vitus Development IV, LLC, and Arco Management Corporation's Motion to Dismiss (collectively "the Paradise East Defendants" or "Co-Defendants"). (ECF Doc. 22, filed January 29, 2021).

## INTRODUCTION AND BACKGROUND FACTS

Defendant Keyanba Taylor joins her Co-Defendants' Motion to Dismiss and agrees that Plaintiff Fireman's Fund Insurance Company's Claims against all Defendants should be dismissed for the reasons outlined in their brief.[1] Specifically, Defendant Taylor joins her Co-Defendants' argument that that this Court should abstain from exercising jurisdiction over Plaintiff's Claims in favor of the first-filed Washington action case. *See, e.g., Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995) ("a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment"); *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1331 (11th Cir. 2005).

This is the second of three pending declaratory judgment actions pertaining to the same insurance dispute:

- **First Case Filed on January 6, 2021:** *Paradise Housing Partners, LP, et al. v. Fireman's Fund Ins. Co., et al.*, No. 21-2-00298-2 SEA (Superior Court of the State of Washington for King County).
- **Second Case Filed on January 7, 2021:** *Fireman's Fund Ins. Co. v. Taylor, et al.*, 1:21-cv-00085-AT (N.D. Ga.).
- **Third Case Filed on February 1, 2021:** *Great American Assurance Co. v. Taylor, et al.*, 1:21-CV-00481-SCJ (N.D. Ga.).

[1] Defendant Taylor has asserted Counterclaims against Plaintiff FFIC which would be unaffected by Co-Defendant's Motion, although Defendant Taylor notes she could bring these claims as Crossclaims in the Washington action.

All three declaratory judgment actions present the same question(s)—whether excess insurance carriers FFIC and Great American Assurance Company ("GAAC") are obligated to provide insurance coverage in the underlying tort case Defendant Keyanba Taylor filed in the State Court of DeKalb County regarding the death of her son.[2] ("the underlying action"). The insurance policy was made and delivered in Washington, and the primary insured is based in Washington.

FFIC and GAAC allege they received late notice of the underlying action and thus are not obligated to provide insurance.[3] The Paradise East Defendants allege they provided proper and timely notice, and even if they did not, FFIC and GAAC must honor the contracts because the insurers were not prejudiced by any alleged late notice.

On January 29, 2021, the Paradise East Defendants filed a Motion to Dismiss, arguing, *inter alia*, that FFIC's Complaint should be dismissed pursuant to *Ameritas Variable Life Ins. Co. v. Roach,* 411 F.3d 1328, 1331 (11th Cir. 2005) because the Washington State Court is a better venue for resolving the entire controversy, the timing of FFIC's filing suggests it engaged in "procedural

[2] The underlying action is styled: *Keyanba Taylor v. Paradise Housing Partners LP, et al*. (DeKalb County State Court, Civil Action No. 19A73108)
[3] There is no dispute that but for the alleged notice issue, the policy would provide coverage in the underlying action.

fencing," and because Washington has a strong public policy interest in having the attendant issues decided in its Courts. That Motion remains pending.

**ARGUMENT AND CITATION TO AUTHORITY**

Keyanba Taylor, as a named Defendant in this action, may be afforded the same relief Co-Defendants' Motion to Dismiss seeks, and the Co-Defendants' abstention argument applies to the dismissal of all of Plaintiff's claims, including those brought against Defendant Taylor.

Additionally, Plaintiff's Claims should be dismissed pursuant to *St. Paul Ins. Co. v. Trejo*, 39 F.2d 585 (5th Cir. 1994), which sets forth six factors for District Courts to consider when deciding whether to dismiss a claim for declaratory relief. The six factors are:

1. whether there is a pending state action in which all of the matters in controversy may be fully litigated;

2. whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;

3. whether the plaintiff engaged in forum shopping in bringing the suit;

4. whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;

5. whether the federal court is a convenient forum for the parties and witnesses; and

6. whether retaining the lawsuit in federal court would serve the purposes of judicial economy.

*St. Paul*, 39 F.3d 585, 590-91.

Although *St. Paul* is a Fifth Circuit case, it has been cited by Judge Cooper of this District in an Order declining to exercise jurisdiction over a declaratory judgment action. *See Finazzle Corporation USA v. Fairbairn & Co.*, 2006 WL 8431790 (N.D. Ga 2006).[4] In that case, Judge Cooper held:

> In the interest of comity and judicial economy, and having considered all relevant factors, see St. Paul Ins. Co. v. Trejo, 39 F.3d 585, 590-91 (5th Cir. 1994) (setting forth factors that federal district court must consider before exercising its discretion to dismiss a claim for declaratory relief), the Court finds that theses issues of state law would better be resolved in state court.

*Finazzle,* 2006 WL 8431790 at 13.

Here, consideration of the *St. Paul* factors weighs heavily in favor of dismissal. Specifically:

1. There is a previously-filed action pending in the Superior Court of Washington involving the same issues and parties in which the matters in controversy can be fully litigated. As explained in the Co-Defendants' Motion, whereas this case involves only one insurer, "the broader dispute is between the Defendants and all four insurers—Fireman's Fund, Philadelphia, Colony, and Great American. The four insurers all contend

[4] *Finazzle* is an unpublished Opinion and a copy is attached hereto.

they do not have a duty to defend (and, in the case of Great American and Fireman Fund, to indemnify).” (Motion to Dismiss, ECF Doc. 22, p. 19).

2. Plaintiff FFIC did not merely file this action, “in anticipation of” of the Paradise East Defendants fling a lawsuit, but in fact filed this action in response to an action they had already filed regarding the same issues.

3. The timing and sequence of events suggest Plaintiff FFIC engaged in forum shopping and/or procedural fencing. As stated in the Co-Defendants’ Motion, FFIC’s timing in filing this case suggests that its goal was to deprive Defendants of the benefit of Washington’s more insured-friendly law, and improperly apply Georgia law to a coverage dispute regarding an insurance policy made and delivered in Washington. Moreover, FFIC appears to be engaging in exactly the kind of race to judgment the Eleventh Circuit admonished in *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1331 (11th Cir. 2005).

4. No inequities would result from requiring a coverage dispute pertaining to a policy made and delivered in Washington to be decided by a Washington court.

5. The Washington Court is likely a more convenient forum. The subject policy was made and delivered in Washington, and the primary insured is based in Washington. Thus, many key witnesses with knowledge of the policy and when, how, and to whom notice was provided likely reside in Washington.

6. Retaining the lawsuit in Federal Court would not serve the purposes of judicial economy because the first-filed Washington action already includes all relevant parties, which this case does not.

Thus, all six factors weigh in favor of dismissal of FFIC's claims.

In addition, once this Court determines Washington law applies to the insurance dispute, Plaintiff FFIC's Complaint should be dismissed for failure to plead sufficient facts to state a claim for the relief it seeks.

Specifically, Washington law provides that, "even where an insured fails to give an insurer timely notice of a claim, the insurer is not relieved of its obligation to perform on the policy unless it can show that the late notice actually and substantially prejudiced it." *Mutual of Enumclaw*, 164 Was.2d at 425. The insurer has the burden of proving it was prejudiced by the late notice, and "Washington courts reject speculation, and require evidence of concrete detriment resulting from delay, together with some specific harm to the insurer caused thereby." *Goodstein*

*v. Continental Cas. Co.*, 503 F.3d 1042, 1058 (9th Cir 2007) (citing *Canron, Inc. v. Fed. Ins. Co.*, 82 Wash. App. 480 (1996). In other words, "[t]o establish actual prejudice, the insurer must demonstrate some concrete detriment, some specific advantage lost or disadvantage created, which has an identifiable prejudicial effect on the insurer's ability to evaluate, prepare or present its defenses to coverage or liability." *Goodstein* 509 F.3d at 1058 (citing *Unigard Ins. Co. v. Leven*, 97 Wash. App. 417 (1999)).

Here, FFIC failed to allege it suffered "actual and substantial prejudice" as a result of the alleged late notice. Indeed, the underlying circumstances prove FFIC suffered no prejudice. Thus, Plaintiff FFIC failed to plead sufficient facts to state a claim for the relief it seeks. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Plaintiff's Claims should be dismissed accordingly.

## **CONCLUSION**

For the above and foregoing reasons, Defendant Keyanba Taylor joins in her Co-Defendants' Motion to Dismiss Plaintiff's Claims in this case, and respectfully requests that all of Plaintiff FFIC's claims be dismissed.

This 12th day of February 2021.

Respectfully submitted,

**LAW & MORAN**

*/s/ Brian C. Kaplan*
Peter A. Law
Georgia Bar No. 439655
Brian C. Kaplan
Georgia Bar No. 644393
Attorneys for Defendant Keyanba Taylor

**LAW & MORAN**
563 Spring Street, NW
Atlanta, Georgia 30308
(404) 814-3700
(404) 842-7710 [Facsimile]
pete@lawmoran.com
brian@lawmoran.com

**CERTIFICATE OF COMPLIANCE**

This is to certify that the foregoing document has been prepared with one of the following font and point selections approved by the Court in LR 5.1., NDGA. Specifically, the above-mentioned pleading was prepared using Times New Roman font of 14-point size.

*/s/ Brian C. Kaplan*
Brian C. Kaplan
Georgia Bar No. 644393
Attorney for Defendant Taylor

**LAW & MORAN**
563 Spring Street, NW
Atlanta, Georgia 30308
(404) 814-3700
(404) 842-7710 [Facsimile]
pete@lawmoran.com
brian@lawmoran.com

**CERTIFICATE OF SERVICE**

I hereby certify that, on this day, I caused a true and correct copy of the foregoing document to be filed with the clerk's office using this Court's CM/ECF system, which will automatically send notice of such filing to all counsel of record.

This 12th day of February 2021.

*/s/ Brian C. Kaplan*
Brian C. Kaplan
Georgia Bar No. 644393
Attorney for Defendant Taylor

**LAW & MORAN**
563 Spring Street, NW
Atlanta, Georgia 30308
(404) 814-3700
(404) 842-7710 [Facsimile]
pete@lawmoran.com
brian@lawmoran.com